UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff<br><br>    v.<br><br>CESAR ROMERO,<br><br>           Defendant | CASE NO. 1:05-CR-00351-AWI<br><br>**ORDER ON DEFENDANT'S MOTION TO CORRECT CLERICAL ERROR (F. R. Crim. Proc. 36)**<br><br>(Doc. 96 & 97) |

Currently before the Court is Defendant Cesar Romero's motion to correct a clerical error pursuant to Federal Rule of Criminal Procedure 36. Romero seeks to modify his presentence report ("PSI") as a material recommendation of the PSI was not adopted by the court in its oral pronouncement of sentence. For the reasons that follow, Romero's motion will be granted.

**DEFENDANT'S MOTION**

*Factual Background*

In April 2006, Romero pled guilty to possession of methamphetamine with the intent to distribute under 21 U.S.C. § 841(a)(1) pursuant to a plea bargain. See Doc. 62. His presentence report states that "[a]s it is apparent that weapons were present during drug transactions, and as it is clearly probable that the weapons were connected with the offense, the 2-level enhancement is recommended." See Doc. 96, p. 5-6. However, on October 10, 2006, at sentencing, the court found that it was not imposing the two-level enhancement for a firearm. The court stated that

"[t]he parties have stipulated that the two level enhancement will not be imposed for the weapons because it does appear that the weapons were not Mr. Romero's and he wasn't using them in relation to the commission of the offense." See Doc. 83, 7:5-9.

In 2014, the U.S. Sentencing Commission issued Amendment 782 to the U.S. Sentencing Guidelines, reducing guidelines ranges for certain drug offenses by two offense levels. Romero alleges he qualifies for this relief and also qualifies for the early release procedures under 18 U.S.C. § 3621(e) if he successfully completes the Residential Drug Abuse Program ("RDAP"). See Doc. 97. However, because his PSR currently recommends that he receive a two-level enhancement for weapons, Romero has been unable to qualify for RDAP. See id. Romero now moves for the court to correct as a clerical error the discrepancy between his PSR and the oral pronouncement of sentence. See Doc. 96.

*Legal Standard*

Under Federal Rule of Criminal Procedure 32(i)(3)(C), the court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." "There is, however, a ready remedy for the failure of the district court—if there was such a failure—to attach the transcript of the sentencing hearing to the presentence report. That remedy is provided by Fed. R. Crim. P. 36." United States v. Knockum, 881 F.2d 730, 732 (9th Cir. 1989). Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

*Discussion*

Here, the oral pronouncement of judgment clearly contradicts the PSR. The PSR recommends the two-level enhancement for a firearm, but at sentencing the court found that it was not imposing this two-level enhancement. Apparently, a copy of the court's October 10, 2006 sentencing was not appended to the PSR made available to the Bureau of Prisons. It is within this court's power to correct this clerical error pursuant to Rule 36. Since as a matter of fact Romero was not sentenced to the two-level enhancement for a firearm, the court directs the Clerk of the Court to forward to the Bureau of Prisons a transcript of the October 10, 2006 sentencing

1  proceedings attached to Romero's PSR.  See Knockum, 881 F.2d at 733.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court forward to the Bureau of Prisons a transcript of the October 10, 2006 sentencing proceedings attached to Romero's presentence report; and
2. Have it be noted that Romero was not sentenced to the two-level enhancement for a firearm.

IT IS SO ORDERED.

Dated:   May 11, 2015                                    _____
                                                                          SENIOR DISTRICT JUDGE